# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:16-cr-0020 |
| ) | |
| **KEENAN POWELL-RYDER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Keenan Powell-Ryder ("Powell-Ryder") for reconsideration of his detention pending sentencing in this matter. (ECF No. 32.) For the reasons stated below, the Court will deny Powell-Ryder's motion.

On May 17, 2016, the United States filed a one count information charging Keenan Powell-Ryder ("Powell-Ryder") with possession with the intent to distribute marijuana. Thereafter, on July 5, 2016, the Court accepted Powell-Ryder's plea of guilty to the charge in the information. During the change of plea hearing, a sentencing hearing was set for November 3, 2016. Powell-Ryder requested to remain on release pending sentencing and the United States did not object. The Court granted Powell-Ryder's request, permitting him to remain on release under the supervision of the United States Probation Office for the Northern District of Georgia, the district in which Powell-Ryder resided. Thereafter, the sentencing hearing was rescheduled to November 17, 2016.

On November 17, 2016, Powell-Ryder did not appear at the scheduled sentencing hearing.[1] As a consequence, the Court issued a bench warrant for Powell-Ryder's arrest.

On December 4, 2019, the United States Marshal executed the arrest warrant at the Oakland County Jail in Michigan, where Powell-Ryder had been arrested for local charges.

---

[1] Prior to the sentencing hearing, the Court was informed that, in October of 2016, the United States Probation Office for the North District of Georgia attempted multiple times to make contact with Powell-Ryder, but was unable to do so. From that time through the sentencing hearing, Powell-Ryder remained missing. *See* Notice by the United States at 1-2, ECF No. 24.

Thereafter, Powell-Ryder appeared before the Magistrate Judge on February 12, 2020. The United States requested that Powell-Ryder be detained pending sentencing and Powell-Ryder did not object. The Magistrate Judge ordered Powell-Ryder detained pending sentencing.

On April 1, 2020, Powell-Ryder filed a motion for reconsideration of his detention pending sentencing in this matter. Powell-Ryder requests that the Court reconsider his detention pending sentencing in light of the COVID-19 pandemic and his health conditions—Powell-Ryder is asthmatic and previously suffered from a collapsed lung. On April 8, 2020, the United States filed an opposition to Powell-Ryder's motion. Powell-Ryder's sentencing hearing is currently scheduled for August 4, 2020.

Section 3143 of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, addresses the standard to be used when considering release or detention of a defendant pending sentence. Section 3143 in pertinent part provides

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18. U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

With respect to the factors the Court must consider, Powell-Ryder asserts that he pled guilty to a non-violent offense and as such is not a danger to the community. Additionally, Powell-Ryder acknowledges that a warrant was issued due to his absence at sentencing in 2016, but asks the Court to release him into home confinement. Powell-Ryder argues that, "with the addition of location monitoring, a release condition previously not imposed, this Court can be assured that he will return to Court." *See* Mot. for Recons. of Detention at 13, ECF 32. Powell-Ryder asserts that his mother, Kecia Smith, is willing to serve as a third-party custodian. *See id.* at 14. She resides in Sugar Hill, Georgia. *See id.*

*United States v. Powell-Ryder*
Case No. 3:16-cr-0020
Order
Page 3 of 3

The Court is not convinced that Powell-Ryder has met his burden to show by clear and convincing evidence that he is not a flight risk. Powell-Ryder was released pending sentencing upon his entry of a plea of guilty in this matter. Thereafter, he did not appear at his initial sentencing hearing set over three and half years ago. After failing to appear, Powell-Ryder did not return to this jurisdiction until he was arrested in another jurisdiction and subsequently detained by the U.S. Marshal. Such actions demonstrate a willingness to evade this Court's jurisdiction. The Court is unconvinced that ordering home confinement with location monitoring changes this calculus. As such, the Court finds that Powell-Ryder has failed to demonstrate by clear and convincing evidence that he is not likely to flee. *Cf. United States v. Dailey,* 650 F. App'x 193 (5th Cir. 2016) (concluding that a defendant's argument that he complied with all conditions of bail pending trial was insufficient to show the district court abused its discretion in finding that the defendant had failed to show by clear and convincing evidence that he was not a flight risk). In fact, if anything, Powell-Ryder's actions have demonstrated by clear and convincing evidence that he *is* likely to flee.

The premises considered, it is hereby

**ORDERED** that Powell-Ryder's motion for reconsideration of his detention pending sentencing, ECF No. 32, is **DENIED.**

**Date:** July 23, 2020                                                                 s/ *Robert A. Molloy*
                                                                                                  **ROBERT A. MOLLOY**
                                                                                                  **District Judge**